**QI CHANG LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4461–ag.**

United States Court of Appeals,
Second Circuit.

Dec. 26, 2006.

Dehai Zhang, Flushing, New York, for Petitioner.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Robert A. Thrall, Assistant United States Attorney, Shreveport, Louisiana, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Qi Chang Lin, a native and citizen of China, seeks review of the July 26, 2005 order of the BIA affirming the May 10, 2004 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Chang Lin,* No. A96 232 821 (B.I.A. July 26, 2005), *aff'g* No. A96 232 821 (Immig. Ct. N.Y. City May 10, 2004).

We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). In addition, this Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted). This Court, however, will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dept. of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Lin challenges the BIA's affirmance of the IJ's adverse credibility finding and

asserts that he has met his burden of proof as to the relief requested. Our review of the record leads us to conclude that the agency's decision was supported by substantial evidence. First, although there is support for Lin's argument that the consular report investigating his wife's abortion certificate was unreliable, the IJ's decision to discount the certificate was nevertheless supported by substantial evidence. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 271–72 (2d Cir.2006). The IJ is entitled to deference regarding her determination that the letters written by Lin's wife did not rebut the consular report, but rather undermined the authenticity of the certificate, and thus Lin's credibility. *See Xiao Ji Chen*, 471 F.3d at 333–34. Although the IJ could have reached the opposite conclusion, Lin's wife's letters were "by no means . . . sufficiently persuasive to compel *any* reasonable IJ" to accept the abortion certificate as authentic. *Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 158 (2d Cir.2006) (emphasis in original).

Second, although the inconsistencies in Lin's testimony noted by the IJ were "less than substantial," *Secaida–Rosales*, 331 F.3d at 308, and were the type of "minor" inconsistencies that cannot serve as the sole basis of an adverse credibility finding, *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), other aspects of the IJ's decision were substantial enough to support the finding. As to the vagueness of Lin's testimony regarding his wife's alleged abortions, the fact-finder may "fairly wonder whether [ ] testimony is fabricated," and "may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003); *cf. Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005). Additional questioning on cross examination elicited little more than Lin's reiteration that his wife had told him that she had been forced to undergo the abortions. It was not unreasonable for the IJ to suspect that Lin's testimony on this point was fabricated. *See Jin Shui Qiu*, 329 F.3d at 152. Furthermore, the IJ's finding that Lin's demeanor was unresponsive on key issues and was like "a memorized script" is entitled to significant deference. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005).

Third, substantial evidence supported the IJ's finding that the notes of Lin's interview on arrival in the United States were reliable, and that Lin's omissions at the interview undermined his overall credibility. The IJ cited *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir. 2004), and used the reliability standard articulated in that case to evaluate the interview notes. The IJ emphasized Lin's failure to mention at the interview any of the incidents that would later serve as a basis for his asylum application. That was no error: "[t]his Court has repeatedly held that omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination." *Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir.2006).

Because Lin failed to establish past persecution due to his lack of credible testimony, he was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because of Lin's failure to provide credible evidence that he or his wife faced persecution in China for violating or resisting the coercive family planning policy, he has failed to show a subjective basis for a well-founded fear of future persecution. *See Ramsameachire*, 357 F.3d at 178.

Lin waived any challenge to the IJ's denial of withholding and CAT relief by failing to argue these issues in his brief before this Court. *Yueqing Zhang v. Gon-*

zales, 426 F.3d 540, 542 n. 1 (2d Cir.2005). In any event, the adverse credibility finding undermines both of those claims in this case because he has offered no factual basis to show a likelihood of persecution or torture apart from his asylum claim. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).