64

Jia Quan WENG,[1] Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3060–AG.

United States Court of Appeals, Second Circuit.

Jan. 12, 2007.

---

1. The instant caption is based on petitioner's name as it appears in the proceedings below and in his brief to this court. As of December 6, 2006, the official caption inaccurately reads, "Weng Jia Quan." The Clerk's Office has been alerted to the inaccuracy in the caption, and a request has been made that it be changed, accordingly.

Farah Loftus, Los Angeles, CA, for Petitioner.

Craig S. Morford, United States Attorney, Middle District of Tennessee; Michael L. Roden, Assistant United States Attorney, Nashville, TN, for Respondent.

Present: JON O. NEWMAN, JOHN M. WALKER, JR., and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Jia Quan Weng, a native and citizen of the People's Republic of China, seeks review of a June 1, 2006, order of the BIA affirming the February 15, 2005, decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Quan Weng*, No. A 96 001 189 (B.I.A. June 1, 2006), *aff'g* No. A 96 001 189 (Immig. Ct. N.Y. City Feb. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Here, substantial evidence supports the IJ's adverse credibility determination. Specifically, in assessing Weng's credibility, the IJ relied on the notes from the airport and credible fear interviews, which revealed that Weng failed to mention during either that family planning officials went to his home to arrest his sister-in-law for sterilization. While at his hearing Weng testified that he had mentioned the incident during both interviews and that the interviewers failed to make record of those statements, the IJ did not err in finding it implausible that "two separate interviewers would have forgotten to include such a crucial piece of information" and, instead, relying on these notes when assessing Weng's credibility. *See Diallo v. Gonzales*, 445 F.3d 624, 631–32 (2d Cir.2006)(stating that the record of an asylum interview may be relied on as a basis for an adverse credibility determination, as long as it contains a "meaningful, clear, and reliable summary of the statements made by the applicant at the interview"); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004) (stating that "the INS may rely on airport statements in judging an asylum applicant's credibility if the record of the interview indicates that it pres-

ents an accurate record of the alien's statements, and that it was not conducted under coercive or misleading circumstances"). Given that Weng bases his asylum claim on his alleged resistance to the family planning officials' efforts to arrest his sister-in-law, his omission of that event from the two interviews amounts to substantial evidence in support of the IJ's adverse credibility finding. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006) (per curiam) (noting that this court has repeatedly held that omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination).

■ Because the only evidence of a threat to Weng's life or freedom, or a likelihood that he would be tortured, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claims for withholding of removal and relief under the CAT. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is **DENIED.** The pending motion for a stay of removal in this petition is **DISMISSED** as moot.