YUAHUA JIANG, a.k.a. Yu
Hua Jiang, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 06–5448–ag.

United States Court of Appeals,
Second Circuit.

May 16, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Kevin M. Mulcahy, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Circuit Judges.

*SUMMARY ORDER*

Yuahua Jiang, a citizen of the People's Republic of China, seeks review of a November 13, 2006 order of the BIA affirming the April 29, 2005 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuahua Jiang,* No. A97 745 423 (B.I.A. Nov. 13, 2006), *aff'g* No. A97 745 423 (Immig. Ct. N.Y. City Apr. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir. 2005)(per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335–37 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in

an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Although we find that the IJ's decision was not without error, we conclude that the overall credibility determination is supported by substantial evidence. The IJ properly determined that Jiang failed to mention in his application the fact that police visited his aunt's house after he left China. Whether police came looking for Jiang at his aunt's house is significant as it relates directly to whether Jiang has an objectively reasonable well-founded fear of persecution. As such, it substantiated the IJ's adverse credibility determination. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir.2006)(per curiam) (petitioner's failure to include vital and material information in asylum application supported IJ's adverse credibility finding).

■ The IJ also found implausible the underlying basis of Jiang's claim—his assertion that he found Falun Gong materials in front of his house and decided to distribute them despite his lack of knowledge on the subject matter and the fact that distributing them was illegal. This finding was similarly supported by substantial evidence in the record. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007). The IJ also reasonably found that due to the lack of corroborative evidence submitted, Jiang was unable to rehabilitate his credibility, which had already been called into question. *See Xiao Ji Chen*, 471 F.3d at 341.

■ We conclude that the BIA and IJ erred in determining that Jiang provided insufficiently detailed testimony as his testimony was specific as to the essential facts—that he was arrested, detained, and beaten for distributing Falun Gong material. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003). However, in view of the record as a whole, the IJ's adverse credibility determination was a reasonable one. Despite the identified error, the factors properly relied upon were central to Jiang's claim of persecution, and we can therefore confidently predict that the IJ would reach the same decision on remand. *See Xiao Ji Chen*, 471 F.3d at 336. Because the IJ correctly determined that Jiang was not credible and therefore did not meet his burden of proof for asylum, it necessarily follows that denial of withholding of removal was correct. *Id.* at 333 n. 12.

■ Finally, because Jiang does not meaningfully argue his CAT claim in his brief to this Court, that claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.