**SUNG CHEN, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 06–3468–ag.

United States Court of Appeals, Second Circuit.

July 27, 2007.

June Zhou, Law Office of June Zhou, Boca Raton, Florida, for Petitioner.

Peter D. Keisler, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Dimitri N. Rocha, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Sung Chen, a native and citizen of the People's Republic of China, seeks review of a June 26, 2006, order of the BIA affirming the January 12, 2005, decision of Immigration Judge ("IJ") Douglas Schoppert, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sung Chen*, No. A72 766 387 (B.I.A. Jun. 26, 2006), *aff'g* No. A72 766 387 (Immig. Ct. N.Y. City Jan. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we decline to consider that portion of Chen's CAT claim that was based on his illegal departure from China because he failed to exhaust it before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ permissibly found that Chen did not produce credible evidence that his wife was forcibly sterilized, and permissibly based that finding on inconsistencies in Chen's testimony, and the unreliability of the testimony of his sister. The IJ noted that Chen's first asylum application did not mention his wife's sterilization at all. The IJ further found that even if he credited

Chen's explanation that a travel agency had prepared his application, and that he did not know its contents, he also admitted that he did not tell the travel agency that his wife had been sterilized. The IJ further noted Chen's acknowledgment that he did not inform the asylum officer that his wife had been sterilized.

Chen's failure to raise his wife's sterilization in his initial asylum application and at his asylum interview were substantial omissions that go to the heart of his claim, the gravamen of which rests on that sterilization. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir.2006). While Chen argues that the IJ's acknowledgment that his wife was sterilized shows that he was credible, that argument is unavailing. An IJ is entitled to believe some portions of an applicant's testimony but not others. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006).

Chen further argues that his omission should be excused because the Immigration and Nationality Act's definition of refugee was not amended to include persons who have been forcibly aborted or sterilized until after he submitted his initial application for asylum. That argument, however, is also unavailing. When an applicant's original request for asylum was based on his opposition to China's family planning policy, his wife's forced sterilization goes to the heart of that claim both before and after the change in the definition of refugee. *See Cheng Tong Wang*, 449 F.3d at 453. Therefore, the IJ reason-

ably relied on Chen's omission of the sterilization from his asylum application, even though it was filed before the change in the definition of refugee. *See id.* at 454.

The IJ also properly found that Chen omitted his assertion that he "quarreled" with family planning officials from both asylum applications. This was another substantial omission that goes to the heart of Chen's claim, as Chen testified that he argued with the family planning officials because they sterilized his wife. *See id.* at 453. Nor did the IJ err in giving little weight to Chen's sister's testimony where he noted that such testimony was unreliable. *See Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir.2007).[1] Thus, because the IJ's finding that Chen was not credible is supported by substantial evidence, we need not reach his remaining findings.

Because Chen was unable to show the objective likelihood of persecution needed to make out his asylum claim based on his violation of the Chinese family planning policy, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and, to the extent it was based on his family planning claim, relief under CAT. *See Paul*, 444 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED.

---

1. While Chen also submitted a statement from his wife in support of his claim, the IJ accorded it "extremely limited evidentiary weight" because she was not available to testify or to be cross-examined, and her statement was unsworn. While Chen argues that, under *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003), demands for corroborative evidence must be limited to evidence that can reasonably be provided, that requirement ad-

heres only when the applicant is otherwise credible, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Furthermore, the weight afforded to evidence in immigration proceedings lies largely within the discretion of the IJ, and we will not disturb an IJ's finding in that respect absent an abuse of discretion. *See id.* at 342. We find no such error here.