**XIU QIN CHEN, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 05–5105–ag.

United States Court of Appeals, Second Circuit.

Aug. 30, 2007.

Xiu Qin Chen, pro se, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Kaarina Salovaara, Craig Oswald, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Qin Chen, a citizen of the People's Republic of China, seeks review of an August 24, 2005 order of the BIA affirming the March 29, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch, denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Xiu Qin Chen a.k.a Fen*

*He*, No. A95 923 003 (B.I.A. Aug. 24, 2005), *aff'g* No. A95 923 003 (Immig. Ct. N.Y. City March 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA affirms the IJ's decision but rejects some of the IJ's reasoning, we review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA affirmed the IJ's adverse credibility determination only to the extent that it was based on Chen's failure to mention her alleged forced abortion during her airport interview.

As the BIA noted, the IJ reasonably relied on the statements that Chen made during her airport interview in assessing her credibility. We agree that the record of the interview is reliable pursuant to the standards we articulated in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004).

Accordingly, we find substantial evidence to support the agency's adverse credibility determination, which we treat as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Here, as the agency noted, Chen failed to mention at her airport interview that she had been forced to undergo an involuntary abortion in China. We agree that this omission is significant and that it undermines Chen's asylum claim, which was based on her alleged opposition to the family planning policy in China. *Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 454 (2d Cir.2006). When asked why she had left her country, Chen replied only that, "[m]y father often times beats me up and he does not allow me to date my boy friend. My brother and sister do not care [for] me anymore." In addition, when asked if she feared returning to China, Chen reiterated that, "[m]y father will beat me to death." Accordingly, because Chen's testimony was not credible the agency also reasonably denied her applications for withholding of removal and CAT relief.[1] *See Majidi v. Gonzales*, 430 F.3d 77, 81–82 (2d Cir.2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

In her brief to this Court, Chen alleges for the first time that "it was highly likely" that she would not reveal embarrassing information about herself to a U.S. immigration officer. However, this argument was not exhausted before the BIA, which explicitly noted that Chen did not challenge the reliability of her airport statements. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007) (*reh'g denied* 489 F.3d 126). Accordingly, we decline to review the issue in the first instance.

Finally, because Chen does not raise a challenge to the agency's finding that she failed to establish eligibility for relief based on her alleged illegal emigration from China, and because addressing this issue does not appear to be necessary to avoid manifest injustice, we deem the issue to be waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons the petition for review is DENIED. Any pending motion to stay removal is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Pro-

---

1. We deem any claim Chen may have had based on her alleged fear of mistreatment from her father to be waived, as she does not argue such a claim before this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

cedure 34(a)(2), Second Circuit Local Rule 34(d)(1).