**CHENG TONG WANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**Docket No. 03–41020.**

United States Court of Appeals, Second Circuit.

Argued: May 17, 2006.

Decided: May 24, 2006.

---

\* United States Attorney General Alberto R. Gonzales is substituted as Respondent. *See* Fed. R.App. P. 43(c)(2).

**452**

Kirsten M. Nelson, Shearman & Sterling LLP, New York, N.Y. (Edward L. Allen, Washington, D.C., on brief), for Petitioner.

Angela G. Schmidt, Assistant United States Attorney (Kenneth L. Wainstein, United States Attorney for the District of Columbia, on brief), Washington, D.C., for Respondent.

Before MINER, WESLEY, and FRIEDMAN,** Circuit Judges.

PER CURIAM.

Cheng Tong Wang ("Wang") petitions for review of a November 6, 2003 order of the BIA affirming an IJ's February 11, 2002 decision denying his application for asylum and withholding of removal under former section 212 of the Immigration and Nationality Act. 8 U.S.C. § 1182(a)(20). The question presented in this case is whether the BIA's 2003 adverse-credibility determination, based in part on Wang's failure to mention that his wife was forcibly sterilized three years before he filed his original application in 1992, was the result of flawed reasoning because Congress changed the definition of refugee in 1997 to include, for the first time, those subject to forced sterilization? [1] We hold that because Wang's original request for asylum was based on his opposition to China's family planning program, his wife's forced sterilization went to the heart of that claim both before and after the 1997 change in the definition of refugee. Thus, it was not flawed reasoning for the BIA to rely on its omission as one of the grounds for its adverse credibility determination. We therefore DENY the petition.

Wang is married and has two children. The first was born in 1986, after which his wife had an IUD inserted. The couple removed the IUD and in 1988 they had another child. Wang and his wife were fined for having the second child (later his wife paid 10% of the outstanding fine) and were instructed that one of the two would have to be sterilized. Wang's wife was forcibly sterilized in March 1989 while he was away working. Wang was arrested for failure to pay the fine in December 1989, although he managed to escape.

---

** The Honorable Daniel M. Friedman of the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. Effective 1997, Congress amended the definition of refugee to provide for several specific claims, including forced sterilization, that if believed, would be considered persecution as a matter of law. 8 U.S.C. § 1101(a)(42)(1997). The BIA later interpreted the statutory change to include those, like Wang, whose spouses were subjected to China's coercive family planning policies. *Lin v. U.S. DOJ*, 416 F.3d 184, 186–87 (2d Cir.2005) (citing *In re C–Y–Z–*, 21 I. & N. Dec. 915 (BIA 1997) (en banc)).

Wang's credibility was the focus of both the IJ's and BIA's decisions. The IJ questioned Wang's credibility based on his failure to mention his wife's forced sterilization in his original asylum application, discrepancies regarding a purported fine levied against Wang and his wife for having a second child, and failure to mention his escape from jail after Wang was arrested for failing to pay the fine. In an opinion, the BIA affirmed the IJ but articulated its own reasoning for the denial of Wang's petition. The BIA's adverse credibility determination was based primarily on Wang's failure to mention his wife's sterilization in his original, counseled, asylum application. The BIA pointed out that one of the questions on Wang's asylum application asked: "whether he *or any member of [his] immediate family, [has] ever been mistreated by the authorities of your home country.*" In response, Wang mentioned only that he had been jailed. Because Wang's basis for asylum was his opposition to China's family planning policies, the BIA found this to be a material element to his claim, and its omission seriously called into question Wang's credibility. The BIA also took issue with discrepancies regarding when, or if, his Wife paid 10% of the fine, as well as contradictory evidence with respect to a 40–day trip Wang took to China—without incident—in 1994. Finally, the BIA doubted whether Wang's wife had indeed been sterilized because it could not authenticate any of Wang's documentation of his wife's purported tubal ligation scar. The BIA dismissed Wang's appeal and he timely petitioned to this Court.

On November 30, 2005, this Court asked the parties to submit additional letter briefs addressing the following question: "Was the Immigration Judge's and the Board of Immigration Appeal's conclusion that Petitioner was not credible because he failed to mention his wife's sterilization in his original 1992 asylum application based on flawed reasoning, because at that time forced sterilization did not constitute persecution as a matter of law?" Both parties filed letter briefs.

■ We review an adverse-credibility determination by the BIA under the substantial evidence standard. *See Guan v. Gonzales*, 432 F.3d 391, 394–95 (2d Cir. 2005) (per curiam); *cf. Pavlova v. INS*, 441 F.3d 82, 87–88 (2d Cir.2006); 8 U.S.C. § 1252(b)(4)(B). We afford particular deference to an adverse credibility determination if that determination is "based on specific examples in the record." *Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004). Similarly, this Court "will vacate and remand BIA decisions that result from flawed reasoning . . . ." *Rizal v. Gonzales*, 442 F.3d 84, 89 (2d Cir.2006).

■ The BIA's adverse credibility determination was not based on flawed reasoning. Wang failed to mention his wife's forced sterilization in his 1992 asylum application, despite his assertion in that application that his claim for asylum was based on his failure to comply with China's family-planning program.[2] This Court has repeatedly held that omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination. *See, e.g., Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam); *Zhang*, 386 F.3d at 77. In a case factually analogous to this one, the Third Circuit upheld an IJ's determination that "[i]f indeed his wife had been sterilized, this

2. The BIA noted other inconsistencies, such as Wang's testimony regarding an alleged fine and his failure to mention his escape from jail when purportedly arrested for failing to pay the fine. The BIA also highlighted inconsistencies with respect to Wang's unmolested trip to and from China in 1994 to visit his ailing mother.

would be such a traumatic event in both his and his wife's life that I find it implausible and incredible that this would not have been [included in his 1993 asylum application.]" *Xie v. Ashcroft*, 359 F.3d 239, 243 (3d Cir.2004) (The court also indicated that omission of the forced sterilization "is indeed a significant event that one is not likely to forget."). Given the basis for Wang's original asylum claim—opposition to China's *family planning* program—it was not error or flawed reasoning for the IJ or BIA to ground their adverse credibility determinations on Wang's failure to mention his wife's sterilization. That omission was material to his claim for asylum irrespective of whether it predated the 1997 change in the definition of refugee.

Accordingly, for the reasons set forth above, the petition for review is hereby DENIED and the previously granted motion for stay of deportation is hereby VACATED and DENIED.