**Edmond BOLLGURI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 06–2306–ag.

United States Court of Appeals,
Second Circuit.

Jan. 9, 2007.

Linda L. Foster, Queens Village, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Erica B. Miles, Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Edmond Bollguri, a native and citizen of Albania, seeks review of the April 20, 2006 order of the BIA affirming the October 28, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum and withholding of removal. *In re Edmond Bollguri*, No. A79 453 948 (B.I.A. Apr. 20, 2006), *aff'g* No. A79 453 948 (Immig. Ct. N.Y. City Oct. 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see*

*Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

Bollguri challenges the BIA's affirmance of the IJ's adverse credibility finding and asserts that he has met his burden of proof as to the relief requested. Our review of the record leads us to conclude that the agency's decision was supported by substantial evidence.

■ Where, as here, discrepancies arise from an applicant's statements in an airport interview, we closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Although specific factors need not be assessed in every case, *see Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir.2005), we generally look to: (1) whether the record of the interview merely summarizes or paraphrases the applicant's statements rather than providing a verbatim account or transcript, (2) whether the questions posed to the applicant seem designed to elicit the details of an asylum claim, (3) whether the applicant appears to have been reluctant to reveal information to immigration officials because of prior interrogation sessions or other coercive experiences in his or her home country, and (4) whether the applicant's answers to the questions posed suggest that he or she did not understand English or the translations provided by the interpreter. *Ramsameachire*, 357 F.3d at 179–80.

Because the agency properly applied the *Ramsameachire* criteria, it did not err in relying on Bollguri's airport interview statement in reaching its adverse credibility determination. *See id.* Examining the four non-exhaustive criteria found in *Ramsameachire,* we note first that the statement appears to be a verbatim transcript rather than a paraphrasing of Bollguri's responses. Second, the questions asked relative to Bollguri's past experiences and reasons for leaving Albania seemed designed to elicit details about his asylum claim. Third, contrary to Bollguri's assertions, the statement does not reveal that he had any reluctance to tell the truth because of his alleged prior coercive, or otherwise negative, encounters with law enforcement personnel in Albania. Finally, Bollguri was provided an Albanian translator and there was no indication that he did not understand the translations of the questions put to him. In addition to these four criteria, Bollguri's "statement bears hallmarks of accuracy and reliability, as it is typewritten, signed by [him], and initialed by him on every page." *Id.* at 181.

█ As Bollguri's airport interview statement was completely "distinct" from the account of alleged persecution in his testimony and written asylum application, it was reasonable for the agency to base its credibility finding "on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses." *Yun–Zui Guan,* 432 F.3d at 398. As the BIA noted, Bollguri's failure to make any reference in the airport interview to any of the incidents of past persecution to which he later testified went "to the heart of [his] claim." *Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006). The IJ and BIA considered Bollguri's explanation that he was scared during the interview, but their rejection of it as unconvincing

was proper as no reasonable fact-finder would be compelled to credit such an assertion. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005); *Yun–Zui Guan,* 432 F.3d at 398 n. 6 (noting that "an alien's mere recitation that he was nervous or felt pressured during an airport interview" does not "preclude the BIA from relying on such statements when making an adverse credibility finding, provided that there is also evidence that the alien 'understood the purpose of the interview.'") (citation omitted). Given the reliable nature of the statement and the significant differences between it and his later testimony, substantial evidence supported the BIA's finding that Bollguri was not credible.

Because Bollguri failed to establish past persecution due to his lack of credible testimony, he was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because of Bollguri's failure to provide credible evidence that he is a member of or supports Albania's Democratic Party, he has failed to show a subjective basis for a well-founded fear of future persecution. *Ramsameachire,* 357 F.3d at 178. Moreover, "we take judicial notice of the fact that the Democratic Party returned to power in Albania through general elections in July [2005]." *Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir. 2005).

As Bollguri has failed to meet his burden of proof for asylum and as his withholding claim is premised on the same facts, he has *a fortiori* failed to meet the higher burden of proof required for withholding. *See* 8 U.S.C. § 1231(b)(3)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).