Aamir **FARHAN,** Shazia Aamir, Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 06–2941–AG.

United States Court of Appeals, Second Circuit.

Jan. 12, 2007.

Victor Essien, New York, NY, for Petitioners.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Jennifer B. Drago, Assistant United States Attorney, Lafayette, LA, for Respondent.

Present: JOHN M. WALKER, JR., GUIDO CALABRESI, and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioners Aamir Farhan and Shazia Aamir, married citizens of Pakistan, seek review of a June 2, 2006, order of the Board of Immigration Appeals ("BIA") affirming the November 9, 2004, decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aamir Farhan, Shazia Aamir,* Nos. A79 318 425, A79 318 426 (B.I.A. June 2, 2006), *aff'g* Nos. A79 318

425, A79 318 426 (Immig. Ct. N.Y. City Nov. 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's credibility determination and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Here, substantial evidence supports the IJ's adverse credibility determination. Specifically, Farhan testified at his hearing that he was persecuted in Pakistan due to his active involvement with the Pakistan Muslim League ("PML"), but in his asylum application he failed to reference the PML and indicated that he was not a member of any political party or organization. The IJ reasonably found that Farhan's explanation for this omission—that he did not understand the questions in his asylum application—was undermined by his ability to obtain two university degrees, both of which were taught in English. Because Farhan's involvement with the PML was—according to his testimony—the reason for his alleged persecution, his omission of such information from his asylum application supports the IJ's adverse credibility determination. *See Cheng Tong*

*Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir.2006) (per curiam) (noting that this court has repeatedly held that omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination). Moreover, that Farhan was evasive and unable to adequately respond when questioned by the IJ regarding certain inconsistencies in the dates that he was allegedly held by his kidnappers, the properties he allegedly transferred to his abductors, and the date of the alleged shooting at his father's house lends even further support to the IJ's determination.

■ Though the IJ may have erroneously relied on certain other evidence in arriving at its adverse credibility determination, because the error-free reasons previously noted do provide sufficiently strong support for the IJ's finding, "we can state with confidence" that remand would be futile. *See Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006).

■ In addition, the IJ did not err in denying withholding of removal because the basis for that form of relief was derived from the same factual predicate as Farhan's asylum claim. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006). Finally, we note that Farhan does not raise his CAT claim here, and we deem that claim waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is **DENIED.** Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).