**Besnik Lulash PJETERGJOKAJ,**
**Petitioner,**

v.

**Alberto R. GONZALES, United States**
**Attorney General, Respondent.**

No. 05–1095–ag.

United States Court of Appeals,
Second Circuit.

March 1, 2007.

Alexander J. Segal, Brooklyn, NY, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Alonzo H. Long, Assistant United States Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Besnik Lulash Pjetergjokaj, a native and citizen of Albania, seeks review of the February 14, 2005 order of the BIA affirming the November 25, 2003 decision of Immigration Judge ("IJ") Michael W. Straus denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Besnik Lulash Pjetergjokaj,* No. A95 363 496 (B.I.A.Feb.14, 2005), *aff'g* No. A95 363 496 (Immig. Ct. Hartford Nov. 25, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Here, where Pjetergjokaj alleges persecution on account of his political opinion, his failure to include in his original asylum application any reference to his alleged arrest, detention, and beating by Socialist police following a political demon-

24

stration in November 2000 is a substantial omission that "involve[s] the heart of the asylum claim." *Secaida–Rosales,* 331 F.3d at 308 (citations omitted). It is well-settled that "omissions that go to [the] heart of an applicant's claim can form the basis for an adverse credibility determination." *Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006). Pjetergjokaj was offered an opportunity to explain himself, but no reasonable fact-finder would be compelled to accept his explanation that he simply did not think to inform the Immigration Service of this incident. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir. 2005). The "cumulative effect" of the IJ's other findings—e.g., that Pjetergjokaj's Democratic Party membership card did not list the correct branch—was properly "deemed consequential" by the IJ. *Tu Lin v.Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (citations omitted).

■■■■ Because Pjetergjokaj failed to establish past persecution due to his lack of credible testimony, he was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). After a lengthy analysis of the most recent reports on conditions in Albania, the IJ found that the objective evidence did not support a fear of future persecution, and Pjetergjokaj does not point to anything in the record that would compel a different conclusion. *See* 8 U.S.C. § 1252(b)(4)(B).

■■■■ Because the only evidence of a threat to Pjetergjokaj's life or freedom depended upon his credibility, the adverse credibility determination in this case precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Furthermore, Pjetergjokaj has not meaningfully challenged the IJ's denial of his CAT claim in his brief to this Court and we deem this claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).