**ZHEN LIANG WENG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–3680–ag.**

United States Court of Appeals,
Second Circuit.

June 22, 2007.

Frank R. Liu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Office of Immigration Litigation, Terri J. Scadron, Assistant Director, John G. Amaya, Trial Attorney, Washington, DC, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhen Liang Weng, a native and citizen of China, seeks review of the July 10, 2006 order of the BIA affirming an April 14, 2005 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Liang Weng*, No. A97 660 095 (B.I.A. July 10, 2006), *aff'g* No. A97 660 095 (Immig. Ct. N.Y. City Apr. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian-Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

We will not disturb the agency's adverse credibility determination in this case as it was based on specific examples of omissions regarding matters material to Weng's claim of persecution, as well as on

inherently improbable testimony. *See Zhou Yun Zhang*, 386 F.3d at 74. For example, both the IJ and BIA noted that a letter from Weng's mother omitted numerous details to which he had testified, most notably the fact that she and Weng's father had been arrested twice on account of their practice of Falun Gong. We have previously concluded that an adverse credibility determination was well-supported when, *inter alia*, affidavits written by others and submitted in support of an asylum applicant's claims of persecution omitted any reference to key details found in the applicant's testimony or written statements. *See Singh v. BIA*, 438 F.3d 145, 148 (2d Cir.2006); *see also Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir.2006) (noting that it is well-settled that "omissions that go to [the] heart of an applicant's claim can form the basis for an adverse credibility determination"). Here, the omissions from Weng's mother's letter are material and substantial because, to a large extent, Weng's claim rested on the fact that Chinese authorities imputed support of Falun Gong to him because of his parents' practice of it. *See Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003).

In addition, given the Chinese government's ban on Falun Gong and brutal crackdown on its practitioners, the IJ found it implausible that Weng's parents did not know that they were practicing Falun Gong until six months after they began, and that Weng was allowed to give an uninterrupted speech at his school's commencement, criticizing the Chinese government's repression of Falun Gong. The country conditions evidence in the record, viewed in the light of the IJ's "common sense and ordinary experience," provided sufficient support for the IJ's implausibility findings. *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir.2007). Although

Weng offered explanations for both the identified evidentiary omissions and the implausible aspects of his testimony, the IJ did not err by refusing to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).[1]

Because Weng failed to credibly establish past persecution, he was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because he was properly found not credible, he failed to show the necessary subjective basis for a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir. 2004). Accordingly, the agency properly denied his asylum claim.

As Weng failed to meet his burden of proof for asylum, and as his withholding claim was premised on the same facts, the agency's denial of his application for withholding of removal was similarly supported by substantial evidence. *See* 8 U.S.C. § 1231(b)(3)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Because Weng has failed sufficiently to argue his CAT claim before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, the pending motion for a stay of removal in this petition is DENIED as moot.

---

1. The IJ's finding that Weng insufficiently corroborated his mother's sterilization was immaterial to his claims of persecution on account of actual and imputed support of Falun Gong; however, we need not remand because we can confidently predict based on the agency's other findings that the credibility determination would not differ on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006).