**YAN YU CAO, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

**No. 05–4651–ag.**

United States Court of Appeals, Second Circuit.

Aug. 31, 2007.

Lin Li, Law Office of Fengling Liu, New York, NY, for Petitioner.

Thomas D. Anderson, United States Attorney for the District of Vermont, Carol L. Shea, Chief, Civil Division, John P. Tavana, Assistant United States Attorney, Burlington, VT, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Yu Cao, a citizen of the People's Republic of China, seeks review of an August 4, 2005 order of the BIA affirming the May 29, 2004 decision of Immigration Judge ("IJ") Robert Weisel, denying her application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Yanyu Cao,* No. A79 402 964 (B.I.A. Aug. 4, 2005), *aff'g* No. A79 402 964 (Immig. Ct. N.Y. City May 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements

... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Id.* at 74 (internal quotation marks omitted).

█ We have previously concluded that an adverse credibility determination is "well-supported" when, *inter alia,* affidavits written by others and submitted in support of an asylum applicant's claims of persecution omit any reference to key details found in the applicant's testimony or written statements. *Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006). Here, the omissions identified by the IJ in Cao's cousin's letter are significant because Cao's claim rested on the allegations that she had assisted her cousin in evading family planning officials, and that her cousin was ultimately sterilized. However, the letter merely states that "Yan Yu was implicated into the trouble ...," and nothing more. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006) (noting that it is well-settled that "omissions that go to [the] heart of an applicant's claim can form the basis for an adverse credibility determination"). Moreover, although Cao offered an explanation for these omissions, no reasonable adjudicator would have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

█ We also agree that Cao failed to sustain her burden of proof in establishing her eligibility for CAT relief.[1] She relies entirely on the 1998 State Department Profile as evidence that she will be fined, subjected to a lengthy detention in a prison with squalid conditions or forced to attend a reeducation through labor camp. However, as we have previously concluded, evidence from background materials that some individuals who left China illegally are imprisoned, and that human rights violations including torture occur in Chinese prisons, is insufficient to establish a clear probability of torture for a particular illegal emigrant. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. Any pending motion to stay removal is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).

---

1. At her hearing, Cao alleged that she was more likely than not to be tortured in China because she had a friend who was tortured after she was deported from the United States. *Id.* at 65. However, as the government notes, Cao does not raise this argument before us. We therefore deem this argument waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (noting that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).