**HU CHUAN NING, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 07–0008–ag.**

United States Court of Appeals, Second Circuit.

Nov. 20, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

98

Thomas V. Massucci, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Douglas E. Ginsburg, Alison Marie Igoe, Senior Litigation Counsel, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Hu Chuan Ning, a native and citizen of China, seeks review of the December 5, 2006 order of the BIA affirming the August 12, 2003 decision of Immigration Judge ("IJ") Annette S. Elstein, denying his application for asylum and withholding of deportation. *In re Hu Chuan Ning,* No. A27 616 400 (B.I.A. Dec. 5, 2006), *aff'g* No. A27 616 400 (Immig. Ct. N.Y. City Aug. 12, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

As an initial matter, pursuant to our recent decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 314 (2d Cir.2007) (en banc), Ning is not *per se* eligible for asylum based on his wife's alleged forced sterilization. Moreover, regarding his asylum claim based on "other resistance" to China's coercive population control program, *see id.* (citing 8 U.S.C. § 1101(a)(42)), we find that the agency's adverse credibility determination was supported by substantial evidence.

First, the agency found that Ning's original asylum application omitted his alleged fight with family planning officials and subsequent four-month detention. Those events were plainly material to his "other resistance" claim. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin*, 494 F.3d at 305. The omission of his detention was also "substantial" when measured against the record as a whole, *Secaida–Rosales*, 331 F.3d at 308, particularly when he claimed to fear that he would be imprisoned if returned to China (basing that fear on his brothers' alleged detentions), and when the asylum application asked whether he had ever been detained or imprisoned. *See Heui Soo Kim v. Gonzales*, 458 F.3d 40, 47–48 (2d Cir.2006); *Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453–54 (2d Cir.2006).

Second, the IJ noted that Ning's original application also omitted any reference to his wife's alleged forced sterilization. Similar to the omission regarding his alleged detention, Ning was asked on his asylum application whether any member of his family had ever been mistreated by the government. By failing to include his wife's alleged sterilization in his response, Ning effectively "*denied* that his wife had ever been mistreated." *Heui Soo Kim*, 458 F.3d at 47 (emphasis in original). As such, the omission was substantial, and the agency did not err in relying on it as a basis for its adverse credibility determination. *Secaida–Rosales*, 331 F.3d at 308; *Cheng Tong Wang*, 449 F.3d at 453.

Third, the IJ noted that while Ning testified that he and his wife paid someone to remove her IUD, his June 1999 statement stated that the IUD simply "fell out." Given that his wife's IUD was a key component of the narrative supporting Ning's claimed fear of persecution, the foregoing discrepancy was both material to his claim

and substantial when measured against the record as a whole. *Zhou Yun Zhang*, 386 F.3d at 74; *Secaida–Rosales*, 331 F.3d at 308–09.

Moreover, although Ning offered explanations for each of these omissions, no reasonable adjudicator would have been compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). The foregoing findings provide substantial evidence for the agency's adverse credibility determination. *Zhou Yun Zhang*, 386 F.3d at 74. Furthermore, these findings contravene Ning's argument that the agency's credibility determination was not tailored to his case, but was improperly based on negative inferences drawn from the fact that his wife's asylum claim had been denied. Accordingly, there is no basis for his argument that the agency denied him due process of law. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006).

As Ning did not meet his burden of proof for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of deportation. *Cf. Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).