**MENG CHUN WANG, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 06–5592–ag.**

United States Court of Appeals, Second Circuit.

Feb. 6, 2008.

**Background:** Alien petitioned for review of order of Board of Immigration Appeals (BIA) denying application for asylum and withholding of deportation.

**Holding:** The Court of Appeals held that substantial evidence supported a determination that the alien's testimony was not credible.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Pro se, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Cindy Ferrier, Senior Litigation Counsel, Nairi M. Simonian, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Meng Chun Wang, a native and citizen of China, seeks review of the November 13, 2006 order of the BIA affirming the July 26, 2004 decision of Immigration Judge ("IJ") Jeffrey S. Chase, denying his application for asylum and withholding of deportation. *In re Meng Chun Wang*, No. A73 181 040 (B.I.A. Nov. 13, 2006), *aff'g* No. A73 181 040 (Immig. Ct. N.Y. City July 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see*

*Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. DOJ*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

We conclude that the agency's adverse credibility determination was supported by substantial evidence. While Wang was not required "to include every detail regarding the basis for asylum" in his application, the omission from his application of his physical fight with family planning officials was "substantial." *Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003); *see also Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir.2006). To the extent that the alleged fight was plainly material to his claim that he will be put in prison for opposing China's coercive family planning policy, its absence from Wang's application was a proper basis for the IJ's adverse credibility determination. *See Zhou Yun Zhang*, 386 F.3d at 74.

In addition, Wang's inability to remember correctly the date of his wife's sterilization "rendered his account of key events incoherent, raising legitimate concerns about his veracity." *Id.* at 77. Given the difference of five months between the two dates, the inconsistency was substantial when measured against the record as a whole. *See Secaida–Rosales*, 331 F.3d at 308–09.

Furthermore, although Wang offered explanations for these inconsistencies, we find that a reasonable adjudicator would not have been compelled to accept his explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Regarding Wang's wife's alleged X-ray film, in light of the adverse credibility determination, the IJ did not err in giving the film diminished weight and finding that it was insufficient to overcome his concerns about Wang's credibility. *See Qin*

*Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007).

Ultimately, the agency's denial of Wang's applications for asylum and withholding of deportation were not improper.

Finally, because Wang never raised a claim under the Convention Against Torture ("CAT") before the BIA, we lack jurisdiction to consider that claim here. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED IN PART and DISMISSED to the extent Wang seeks to raise a CAT claim. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).