YONG SHENG ZHENG, a.k.a. Yong Sheng Zhen, Petitioner,

v.

Michael B. MUKASEY,[1] United States Attorney General, Respondent.

No. 07–4603–ag.

United States Court of Appeals, Second Circuit.

June 4, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

---

Lin Li, New York, NY, for Petitioner.

Jeffrey Bucholtz, Acting Assistant Attorney General; Mary Jane Candaux Assistant Director; Aimee J. Frederickson, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Yong Sheng Zheng, a native and citizen of China, seeks review of a September 28, 2007 order of the BIA affirming the March 20, 2006 decision of Immigration Judge ("IJ") Alan L. Page, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zheng, Yong Sheng,* No. A97 391 105 (B.I.A. Sept. 28, 2007), *aff'g* No. A97 391 105 (Immig. Ct. N.Y. City Mar. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**2.** We have not yet addressed specifically our review of a credible fear interview record.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ The majority of the discrepancies identified by the agency arise from Zheng's airport and credible fear interviews. In such circumstances, we closely examine the record of the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible.[2] *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Although specific factors need not be assessed in every case, *see Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396 (2d Cir.2005), we generally look to certain indicia of reliability, such as whether the record of the interview merely summarizes or paraphrases the applicant's statements rather than providing a verbatim account or transcript, and whether the questions posed to the applicant seem de-

For purposes of our analysis here, we apply the *Ramsameachire* analysis.

signed to elicit the details of an asylum claim. *Ramsameachire*, 357 F.3d at 179–80. Here, we find no error in the BIA's determination that both interviews were sufficiently reliable where they were memorialized in documents describing the specific questions asked, elicited various details of Zheng's claim, and accordingly did not indicate that Zheng's testimony was coerced, unfairly truncated, or mistranslated in any material way. *See Ramsameachire*, 357 F.3d at 179–80; *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 398 (2d Cir.2005).

■ Moreover, we conclude that the agency's adverse credibility determination is amply supported by the record. Most significantly, the agency accurately observed that while Zheng testified that he fled China because he feared arrest due to the opposition he voiced to the Chinese government, he never mentioned that fear in his airport and credible fear interviews, and it was not mentioned in a letter from his father. Instead, Zheng claimed in his interviews that he was detained because of an altercation he had with a government official's son and he feared future persecution on that basis. His father's letter made the same claim, and expressed a fear Zheng would be persecuted for leaving China illegally. Although Zheng testified that at his credible fear interview he had been "very confused and disordered," the agency was not required to accept this explanation where it was not supported by the record of the credible fear interview, which contained ample detail regarding Zheng's original claim. *See Yun–Zui Guan*, 432 F.3d at 398 n. 6 (emphasizing that "an alien's mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent the IJ or BIA from relying on statements in such interviews when making adverse

credibility determinations"). Given that Zheng claimed at his hearing that his fear of arrest and persecution stemming from his vocalized opposition to the Chinese government was a major basis for his claimed fear, his failure to make even a passing reference to that opposition in his interviews, and his father's failure to mention it in his letter, were appropriate bases for the agency's adverse credibility determination. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir.2006) (noting that this Court has "repeatedly held that omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination"); *see, e.g., Wu Biao Chen v. I.N.S.*, 344 F.3d 272, 274–76 (2d Cir.2003) (finding no error in adverse credibility determination where the petitioner failed to mention his membership in a pro-democracy organization at his airport interview, instead claiming a fear based on his involvement in a student uprising against the communist government).

Although the agency's adverse credibility determination was also based on several less dramatic inconsistencies, we need not consider them here. The fact that Zheng provided significantly different accounts of the basis for his asylum claim alone provides substantial evidence in support of the adverse credibility determination. *See Ramsameachire*, 357 F.3d at 180–81.

■ Because the agency's adverse credibility determination was supported by substantial evidence, its denial of asylum was proper. *See Secaida–Rosales*, 331 F.3d at 308. Because the only evidence of a threat to Zheng's life or freedom depended upon his credibility, the adverse credibility determination in this case precluded success on his claims for withholding of removal and CAT relief, which were

based on the same factual predicate.[3] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen,* 344 F.3d at 275.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

---

**3.** Zheng has waived his CAT claim based on his alleged illegal departure from China by failing to raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 8 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal).

