**Hui–Rong TANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–2219–ag.

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

Hui–Rong Tang, pro se, Plano, TX, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Joan H. Hogan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present GUIDO CALABRESI,
ROBERT A. KATZMANN, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Hui–Rong Tang, a native and citizen of the People's Republic of China, seeks review of a March 31, 2008 order of the BIA, affirming both the February 22, 2006 decision of Immigration Judge ("IJ") Terry Bain, which found her ineligible to adjust her status, and the May 24, 2002 decision of IJ Kenneth Josephson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui–Rong Tang,* No. A71 499 609 (B.I.A. Mar. 31, 2008), *aff'g* No. A71 499 609 (Immig. Ct. N.Y. City Feb. 22, 2006) and No. A71 499 609 (Immig. Ct. N.Y. City May 24, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). However, we accord *Chevron* deference to the BIA's construction of the Immigration and Nationality Act ("INA"). *See INS v. Aguirre–Aguirre,* 526 U.S. 415, 424, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

Upon review of the administrative record, we find that substantial evidence supports the agency's adverse credibility determination. Indeed, in finding Tang not credible, the agency appropriately relied, in part, on the discrepancy between Tang's submission of an abortion certificate that she claimed to have received following her allegedly forced abortion, and a U.S. Department of State report indicating that such certificates are issued only for voluntary abortions. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 263 (2d Cir.2007)(citing *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006)). Moreover, the agency reasonably relied, in part, on Tang's submission of false documents in support of a

**62**

petition for alien fiancée, particularly where the record indicates that she was not fleeing persecution at the time of that petition. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007). The IJ also reasonably relied on Tang's omission from her original asylum application of her claim that she had been forced to have an abortion. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir.2006). Based on these proper findings, no error asserted by Tang would induce us to disturb the agency's adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006).

Accordingly, the agency's denial of Tang's application for asylum, withholding of removal, and CAT relief based on her claim of past persecution was proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Moreover, Tang has waived any challenge to the agency's decision insofar as it denied her application for relief based on her claimed fear of future persecution on account of the birth of her U.S. citizen children or based on her illegal departure from China. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Finally, we find that the agency did not err in concluding that Tang was ineligible to adjust her status, where the person who filed the petition supporting her marriage-based application for adjustment of status is not the same person who petitioned for the fiancée visa with which she entered the United States. *See* INA § 245(d); *see also Chevron*, 467 U.S. at 844, 104 S.Ct. 2778.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re-quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).