Hossain v. Holder

BIA
Montante, IJ
A072 373 925
A096 442 850

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> ROBERT A. KATZMANN,
> > *Circuit Judges*.

_____

JAMAL HOSSAIN, ROKEYA HOSSAIN,
> *Petitioners*,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,*
> *Respondent*.

08-3289-ag
NAC

_____

FOR PETITIONERS:  Hector M. Roman, Roman & Singh LLP, Jackson Heights, N.Y..

_____

 * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General, Linda S. Wernery, Assistant Director, Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Jamal Hossain and Rokeya Hossain, husband and wife, are natives and citizens of Bangladesh who seek review of a June 6, 2008 order of the BIA, affirming the August 14, 2006 decision of Immigration Judge ("IJ") Phillip J. Montante, which denied their application for asylum and Mr. Hossain's application for withholding of removal. *In re Jamal Hossain et al.*, Nos. A072 373 925, A096 442 850 (B.I.A. June 6, 2008), *aff'g* Nos. A072 373 925, A096 442 850 (Immig. Ct. Buffalo Aug. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's

2

opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We find that substantial evidence supports the IJ's adverse credibility determination. In his initial asylum application, Mr. Hossain claimed that (1) he feared he would be persecuted due to his father's political activities, and (2) that neither he nor anyone in his family had ever been arrested. But in his second asylum application, Mr. Hossain claimed that his father and brother had been unlawfully arrested due to their political beliefs, that his father had been unlawfully imprisoned on two occasions, and that the "same people" who arrested his brother "were, at the time, looking for [Mr. Hossain], even though [Mr. Hossain] had committed no crime." At the hearing before the IJ, Mr. Hossain claimed, for the first time, that he had personally

3

engaged in activism, was attacked during a demonstration at which a bomb exploded killing some people, learned that he would be falsely charged with the murders for political reasons, and then fled Bangladesh in 1992.

Citing *Ming Shi Xue v. BIA*, 439 F.3d 111, 121 (2d Cir. 2006), Petitioners contend that the IJ erred in failing to allow Mr. Hossain the opportunity to explain the omission of these facts from his asylum applications. However, Mr. Hossain was given such an opportunity with respect to his first asylum application and, indeed, did attempt to explain that the error was a result of his lack of familiarity with English and bad advice he received from the legal assistant who prepared the application on his behalf. The IJ concluded that, even accepting this explanation, it would not account for Mr. Hossain's failure to include the information on his second asylum application filed nine years later.

The IJ did not specifically request an explanation from Mr. Hossain for the omission from his second asylum application. However, because the omission of the events that allegedly lead to Mr. Hossain's departure from Bangladesh in 1992 was a "plainly obvious" and "dramatic" incongruity, the IJ was not required to specifically request an explanation. *Ming Shi Xue*, 439 F.3d at 121. Where "the

4

inconsistency is 'dramatic' or obvious on its face . . . the petitioner can be assumed to be aware-without being told-of the need to explain it." *Id.* 122 n.13.  We conclude that the agency did not err in basing its adverse credibility finding on this omission.  *See, e.g., Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir. 2006) ("omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination").

Having found that Mr. Hossain's testimony was not credible, the IJ reasonably concluded that he had failed to submit sufficient documentation to rehabilitate his testimony.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (noting that an IJ need not first identify particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant where the IJ bases his rejection of a petitioner's claim not on an absence of corroborative evidence, but rather on his finding that petitioner's largely uncorroborated non-credible testimony was insufficient to establish eligibility for relief).  As to the evidence Mr. Hossain did submit, he has waived any challenge to the IJ's refusal to consider it.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n.7 (2d Cir. 2005).

Because the IJ's adverse credibility determination was supported by substantial evidence, *see Corovic*, 519 F.3d at 95, the agency's denial of Petitioners' application for asylum and Mr. Hossain's application for withholding of removal was not improper, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (recognizing that a withholding of removal claim necessarily fails if petitioner cannot show objective likelihood of persecution necessary for asylum claim and both claims have the same factual predicate).

Finally, while Petitioners contend that the agency erred in failing to consider Mr. Hossain's claim for relief under the Convention Against Torture ("CAT"), they failed to challenge the failure to grant such relief before the BIA. Because Petitioners did not exhaust their administrative remedies with regard to CAT relief, we lack jurisdiction to review this claim. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6