**BING SONG CHEN, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

No. 07–0560–ag.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

David J. Rodkin, New York, NY, for
Petitioner.

Peter D. Keisler, Assistant Attorney
General; Lisa M. Arnold, Senior Litigation
Counsel; Jamie M. Dowd, Attorney, Office
of Immigration Litigation, U.S. Depart-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

ment of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Bing Song Chen, a native and citizen of the People's Republic of China, seeks review of a January 25, 2007 order of the BIA affirming the May 5, 2005 decision of Immigration Judge ("IJ") Noel Ann Brennan denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen, Bing Song*, No. A 77 309 273 (B.I.A. Jan. 25, 2007), *aff'g* No. A 77 309 273 (Immig. Ct. N.Y. City, May 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

Substantial evidence supports the agency's adverse credibility determination. The IJ appropriately based her finding that Chen was not credible on his inability to consistently recite the number and dates of his arrests. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir.2006). This Court has held that minor discrepancies related to dates may not be sufficient to support an adverse credibility finding. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Here, however, when these arguably minor inconsistencies are considered in the aggregate with the IJ's additional credibility findings, it was reasonable for the IJ to have found that they undermined Chen's credibility. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–107 (2d Cir.2006) ("[A]n IJ need not consider the centrality vel non of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies"). Additionally, the record supports the IJ's finding that Chen's demeanor was "evasive" because Chen took "long pauses," "star[ed] into space," and "look[ed] on the wall for an answer" when asked for details about his arrests. *See Zhou Yun Zhang*, 386 F.3d at 73–74.

The IJ also appropriately determined that Chen was not credible based on his failure to corroborate his testimony that local authorities approached his mother three times to pay a fine for "overbirths." The IJ reasonably expected a supporting affidavit from Chen's mother because Chen testified that his mother was present on all three occasions and that he had been in contact with her since coming to the United States. This absence of corroboration rendered Chen unable to rehabilitate testimony that was already called into question. *See Zhou Yun Zhang*, 386 F.3d at 78 (affirming the denial of asylum where an applicant's otherwise incredible testimony was uncorroborated).

Taken as a whole, the IJ's adverse credibility finding was supported by substantial

evidence and was a proper basis for the denial of Chen's application for asylum.

Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case precludes success on Chen's claims for withholding of removal and CAT relief, which were based on the same factual predicate as his asylum claim.[2] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang,* 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** Although the IJ referred to a CAT claim based on illegal departure, it is not clear from the record that Chen ever made such a claim. Even if he had, he has waived that claim by failing to present it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).