Edmond GROSHA, Petitioner,

v.

Michael B. MUKASEY, Attorney General [1], Respondent.

No. 04–4498–ag.

United States Court of Appeals, Second Circuit.

Jan. 10, 2008.

Edmond Grosha, Farmington Hills, pro se.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Michael J. Garcia, United States Attorney for the Southern District of New York, Jeannette A. Vargas, Sarah S. Normand, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. WALKER and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Edmond Grosha, a native and citizen of Albania, seeks review of the July 29, 2004 order of the BIA affirming the June 10, 2003 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Edmond Grosha,* No. A77 556 772 (B.I.A. July 29, 2004), *aff'g* No. A77 556 772 (Immig. Ct. N.Y. City June 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Tao Jiang v. Gonzales,* 500 F.3d 137, 140 (2d Cir.2007).

■ As a preliminary matter, because Grosha's brief to this Court waived any challenge to the IJ's pretermission of his asylum application and denial of his CAT claim, we deem any such arguments abandoned. *Cf. Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

■ Arguably, because Grosha failed to challenge the IJ's denial of withholding of removal with any specificity either before the BIA or in his brief to this Court, he has also abandoned that claim. *Cf. id.* However, given the similarity between the standards governing asylum and withholding of removal, *see Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 66 (2d Cir.2002), as well as the fact that credibility was the dispositive factor in the IJ's denial of relief, Grosha's statements challenging the IJ's findings regarding his asylum claim and the truthfulness of his testimony are sufficient to warrant consideration of the adverse credibility determination as it relates to withholding of removal. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006) (noting that the submissions of *pro se* litigants are construed liberally and interpreted to raise the strongest arguments they suggest). In any event, we find that the IJ's adverse credibility determination was supported by substantial evidence.

■ The inconsistency regarding the location of Grosha's arrest in September 1998 was "material" to his claim of political persecution, *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) particularly in light of the fact that Grosha admitted that this particular arrest and detention was the "most important" event out of all of his experiences. Based on the importance Grosha assigned this event, as well as the fact that he was asked three times to confirm that he was arrested inside the theater, this inconsistency was also "substantial" when measured against the record as a whole. *Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). For the same reasons, the inconsistency regarding the length of time Grosha was detained in September 1998 (two hours versus two and a half days) was both

material to his claim and substantial when measured against the record as a whole. *See id.; Zhou Yun Zhang,* 386 F.3d at 74. Moreover, although Grosha offered explanations for these inconsistencies, no reasonable adjudicator would be compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

In addition, the omission from Grosha's written application of the fact that his "name [had been] highlighted with red ink," meaning that he was a target for elimination, was both material to his claim and substantial when measured against the record as a whole. *Zhou Yun Zhang,* 386 F.3d at 74; *Secaida–Rosales,* 331 F.3d at 308–09; *see also Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006). Therefore, even though he was not given an opportunity to explain the omission, the IJ properly relied on it as a basis for his adverse credibility determination. *See Majidi,* 430 F.3d at 81.

Ultimately, because the IJ's adverse credibility determination was supported by substantial evidence, the denial of Grosha's application for withholding of removal was not improper.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).