**DONG FA JI, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–2252–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

David A. Bredin, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, Donald A. Couvillon, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Dong Fa Ji, a native and citizen of the People's Republic of China, seeks review of an April 30, 2007 order of the BIA affirming the September 15, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Fa Ji,* No. A98 646 620 (B.I.A. Apr. 30, 2007), *aff'g* No. A98 646 620 (Immig. Ct. N.Y. City Sept. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The Immigration and Nationality Act ("INA") provides, in pertinent part, that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law" that arise in con-

nection the agency's application of the one-year bar. 8 U.S.C. § 1252(a)(2)(D).

In his brief to the BIA, Ji argued that his membership in the China Democracy Party ("CDP") constituted a changed personal circumstance warranting an exception to the deadline for filing his asylum application. However, in his brief to this Court, Ji does not raise that argument, nor does he raise any argument at all with respect to the IJ's findings that his asylum application was time-barred and that he did not establish the existence of changed conditions. Issues not addressed in a petitioner's brief are considered waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Accordingly, we deny Ji's petition on waiver grounds with respect to his asylum claim. *Id.*

■ Moreover, the IJ's adverse credibility determination is supported by substantial evidence to the extent that it pertains to Ji's family-planning claim. Although the inconsistencies in Ji's testimony regarding the dates of his wife's abortion were relatively minor and did not provide adequate support for an adverse credibility determination, *see Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005), Ji's failure to mention his wife's two alleged forced abortions in his original asylum application was legitimate grounds for drawing an adverse inference regarding the credibility of his testimony as it concerned his family-planning claim. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006). His wife's abortions formed the crux of Ji's family-planning claim, and omissions that go to the heart of an applicant's claim may serve as grounds for an adverse credibility determination. *See Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

In addition, the only corroboration of the abortions that Ji submitted was an unsworn statement from his wife in China and an unauthenticated photocopy of a medical record dated April 3, 1997, stating that Ji's wife was experiencing dizziness, waist pain, and other symptoms "one week after abortion operation." The IJ correctly found that the medical record offered no evidence that the abortion was forced rather than voluntary. Given Ji's testimonial discrepancies and omissions and the paucity of the corroborative evidence he provided, the IJ did not err in finding that the evidence was insufficient to overcome her doubts about Ji's credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Therefore, the IJ correctly concluded that Ji had not established eligibility for withdrawing of removal or CAT relief as far as his family planning claim was concerned.

■ Moreover, the IJ correctly found that the difficulties Ji allegedly suffered as a result of his whistle blowing and union organizing activities did not amount to persecution. An applicant claiming economic persecution "need not demonstrate a total deprivation of livelihood or a total withdrawal of all economic opportunity." *In re T–Z,* 24 I. & N. Dec. 163, 173 (B.I.A.2007). However, to rise to the level of prosecution, an economic deprivation must be sufficiently severe to "constitute a threat to an individual's life or freedom." *Id.* at 172–173.

Here, Ji testified that he was demoted and eventually forced to resign his job. He further testified that he found it impossible to secure another job. However, Ji also testified that his wife worked outside the home to support the family and that she continued to do so until after Ji departed for the United States. Moreover, Ji submitted into evidence an "Agreement on Termination of the Employment Contract," stating that he would receive a

lump sum subsidy of 25,000 yuan upon termination of his employment as well as a pension of 1157 yuan a year for 22 years. Although, the loss of Ji's employment may have caused him some economic hardship, Ji did not succeed in demonstrating that this hardship was sufficiently severe to qualify as persecution under the standards set forth by the BIA. *In re T–Z*, 24 I. & N. Dec. at 173–74.

■ The IJ did not make an explicit adverse credibility finding with respect to Ji's claim that he was member of the CDP; rather, she found that he had failed to meet his burden of proof with respect to this aspect of his application for relief because he failed to submit sufficient corroborating evidence of his membership and involvement with the CDP. While an applicant's own credible testimony may sometimes be sufficient to meet his burden of proof, an IJ may also require the submission of corroborating evidence, or an explanation for its absence, where one would reasonably expect such evidence to be submitted. *See Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir.2000). But before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Id.* at 290.

This Court has stressed the need for the agency, before denying a claim on the ground of insufficient corroboration, to give the applicant "adequate and meaningful notice ... of evidence that the IJ believed was significant and missing," as well as "an opportunity to remedy the supposed evidentiary gap." *Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir.2006). Here, although Ji did produce at least some cor-

roborating evidence prior to his hearing, the IJ did not give Ji a meaningful opportunity to submit the additional materials that might have remedied what she perceived as an evidentiary gap. *Id.* The IJ asked Ji if he had a letter from his witness or from anyone at the CDP, but then said "We're not going to accept any documents today anyway," and rejected the identification card Ji offered on the same basis, stating "Well, if it hasn't been offered yet I'm not going to take it now and it seems to be in Chinese." When Ji stated that he did not have a letter from the CDP but that a CDP executive director was present and willing to testify on his behalf, the IJ declined to let him testify.

Thus, although the IJ identified the evidence she believed to be "significant and missing," she effectively foreclosed all means for him to submit such evidence by refusing to accept further documentation or testimony. *Id.* An applicant cannot be said to have a meaningful opportunity to submit corroborating evidence if she is denied every possible means of introducing that evidence. *Id.*

Accordingly, the petition is granted with respect to Ji's claims for withholding of removal and CAT relief to the extent that they are based on Ji's membership in the CDP. On remand, the agency should afford Ji the opportunity to submit the additional corroborative evidence of his CDP membership. *See id.*

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argu-

ment in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).