**HONG PING WENG, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 05–6203–ag.**

United States Court of Appeals, Second Circuit.

Feb. 8, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Lin Li, New York, NY, for Petitioner.

Jeffrey A. Taylor, U.S. Attorney; Madelyn E. Johnson, Assistant U.S. Attorney; Michael T. Ambrosino, Assistant U.S. Attorney, U.S. Attorney's Office for the District of Columbia, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Hong Ping Weng, a native and citizen of China, seeks review of an October 25, 2005 order of the BIA affirming the January 27, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Weng, Hong Ping* No. A97 949 286 (B.I.A. Oct. 25, 2005), *aff'g* No. A97 949 286 (Immig. Ct. N.Y. City Jan. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

The IJ's adverse credibility determination is supported by substantial evidence. Weng's testimony about his "engagement party" was inconsistent with his statement at his credible fear interview that it was a "wedding party." Although Weng challenges the reliability of the credible fear interview, we find that even under the standards for airport interviews in *Ramsameachire v. Ashcroft,* 357 F.3d 169 (2d Cir.2004), the record was sufficiently reliable to support an adverse credibility find-

ing.[2] *See id.* at 179. Weng argued before the BIA that the terms "wedding party" and "engagement party" were ambiguous. Although the BIA did not evaluate this argument, it is appropriate to presume that it considered and reasonably rejected this explanation. *See Xiao Ji Chen v. v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006) (stating that an IJ need not "expressly parse or refute on the record each and every one of [an applicant's] purported explanations for testimonial inconsistencies or evidentiary gaps"). This discrepancy was central to Weng's claim that his girlfriend was subjected to a forced abortion because she and he were not married. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

The record also supports the IJ's finding regarding the fine allegedly levied against Weng due to his girlfriend's pregnancy. Although Weng testified that he was fined and that his mother paid the fine, neither Weng's written application nor a letter from his mother contains this information. Such omissions, which "go to a heart of an applicant's claim[,] can form the basis for an adverse credibility determination." *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006). The record also reflects the IJ's observation of a discrepancy between Weng's statement in his credible fear interview that he was told of the fine when he went to the "Marriage office" and his testimony that his parents were told to pay the fine when they went to the "family planning office." Because,

as noted, the issue of whether Weng was fined went to the heart of his claim, the IJ appropriately based his adverse credibility determination on this discrepancy. *See Secaida–Rosales,* 331 F.3d at 308.

Additionally, it was appropriate for the IJ to determine that, "[i]n view of" his adverse credibility determination and given that they were not authenticated, Weng's documentary evidence was not due any weight. *See Xiao Ji Chen,* 471 F.3d at 342 (finding that the weight accorded to an applicant's evidence lies largely within the discretion of the IJ).[3]

The IJ's adverse credibility finding, supported by substantial evidence, was a proper basis for the denial of Weng's claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). As such, we need not reach the IJ's alternative burden of proof findings. Moreover, because Weng did not raise his CAT claim in his brief to this Court, we deem that claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

**2.** Although the record contains Weng's paraphrased (rather than transcribed) remarks, the interview was conducted in Mandarin and Weng did not indicate that he had any trouble understanding the interpreter. Moreover, the questions asked were designed to elicit the details of an asylum claim. *See Ramsameachire,* 357 F.3d at 180.

**3.** We need not consider whether the IJ's findings with respect to Weng's Falun Gong claim

were flawed. Adequate findings regarding Weng's family planning claim are sufficient to support the IJ's overall adverse credibility finding where the two claims where factually intertwined: Weng claimed that he fled to his friend's home after a confrontation with family planning officials regarding his girlfriend's pregnancy, and that it was his friend who invited him to a Falun Gong demonstration.

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).