JIAN XIN CHEN, Petitioner,

v.

UNITED STATES ATTORNEY GENERAL, Respondent.

No. 07–3870–ag.

United States Court of Appeals, Second Circuit.

April 11, 2008.

Tina Yu Howe, Esq., Law Office of Wong & Partners, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Aliza B. Alyeshmerni, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Jian Xin Chen, a native and citizen of the People's Republic of China, seeks review of an August 20, 2007 order of the BIA affirming the October 20, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Jian Xin Chen,* No. A98 718 147 (B.I.A. Aug. 20, 2007), *aff'g* No. A98 718 147 (Immig. Ct. N.Y. City Oct. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S.*

*Dep't of Justice,* 494 F.3d 296 (2d Cir. 2007).

We find that substantial evidence in the record supports the IJ's adverse credibility determination. Chen's failure to mention his involvement in Falun Gong when interviewed by a border patrol agent was a significant omission. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005). Because Chen's application for relief was based upon his allegation that he had been persecuted on account of his Falun Gong activities, this omission went to the very heart of his claim. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 454 (2d Cir. 2006); *Secaida–Rosales,* 331 F.3d at 308.

Where discrepancies arise from an applicant's statements in an airport or other administrative interview taken upon the applicant's arrival in the United States, we generally evaluate the interview using the factors set forth in *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). In this case, however, Chen acknowledged that he failed to inform the agent of his involvement in Falun Gong. Moreover, the IJ was not obligated to credit Chen's explanation that the snakehead who smuggled him out of China warned him that he would be sent back to China if he told the border authorities he was involved in Falun Gong. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

In addition, when considered cumulatively with the omission cited above, the inconsistency between Chen's testimony regarding his beating and the statements contained in his father's letter, although relatively minor, provided further support for the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) (internal citations omitted).

The IJ's adverse credibility determination necessarily precludes the success of Chen's claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Furthermore, because the only evidence that it was more likely than not that Chen would be tortured if he returned to China depended upon his credibility, his CAT claim also necessarily fails. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.