**Fayiz HALABI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–5283–ag.

United States Court of Appeals, Second Circuit.

July 15, 2008.

Aldo G. Bartolone, Jr., Moran Kidd Lyons Johnson & Berkson, Orlando, FL, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; William C. Minick, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Fayiz Halabi, a native and citizen of Israel, seeks review of an October 29, 2007 order of the BIA, affirming the January 24, 2005 decision of Immigration Judge ("IJ") John B. Reid, denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Fayiz Halabi,* No. A96 017 569 (B.I.A. Oct. 29, 2007), *aff'g* No. A96 017 569 (Immig. Ct. Batavia Jan. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Halabi is challenging the denial of relief in "withholding-only" proceedings, as opposed to an actual removal order, we nevertheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir. 2006).

In this case, we need not review the merits of the agency's denial of withholding of removal and CAT relief, because, as the Government argues, Halabi waives any challenge to those determinations.[1] Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Aside from his conclusory assertions that the IJ erred in declining to grant him withholding of removal, Halabi does not challenge the IJ's inconsistency findings or the IJ's determination that he failed to demonstrate a nexus between any harm suffered or likely to be suffered and a protected ground. Moreover, the IJ's findings were, in any event, supported by

---

1. Halabi's only specific assertion of error is without merit. Specifically, Halabi purports to challenge the IJ's decision insofar as it denied him asylum, arguing that the IJ erred in deviating from the asylum officer's assessment that he had a well-founded fear of persecution. However, Halabi provides no support for his contention that the IJ owed deference to the asylum officer's assessment of his fear of persecution. Moreover, as an alien whose removal order was reinstated under 8 U.S.C. § 1231(a)(5), Halabi was placed in withholding-only proceedings pursuant to 8 C.F.R. § 208.31(g)(2)(i), and the IJ did not consider any claim for asylum or deny him such relief.

the record. Indeed, the IJ's adverse credibility finding was properly based on substantial omissions and inconsistencies involving the heart of Halabi's claim. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453–54 (2d Cir.2006); *see also Majidi v. Gonzales,* 430 F.3d 77, 79–80 (2d Cir. 2005)

Finally, because Halabi has limited his assertion of error as to the agency's denial of CAT relief to "only a single conclusory sentence," we deem any such challenge waived. *See Yueqing Zhang,* 426 F.3d at 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.