**HAI JING HUANG, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 07–0995–ag.

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

Hai Jing Huang, Woodside, NY, pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Linda S. Wendtland, Assistant Director, Don G. Scroggin, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Hai Jing Huang, a native and citizen of the People's Republic of China, seeks review of a February 8, 2007 order of the BIA affirming the June 16, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying her application for asylum, withholding of removal, and CAT relief. *In re Hai Jing Huang*, No. A78 867 857 (B.I.A. Feb. 8, 2007), *aff'g* No. A78 867 857 (Immig. Ct. N.Y. City June 16, 2005).[1] We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review questions of law and the application of law to undisputed fact *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

In this case, the IJ's adverse credibility determination was supported by substantial evidence. *See Corovic*, 519 F.3d at 95. During her airport interview, Huang claimed that she feared future harm in China because her parents were involved in Falun Gong. However, in her asylum application and hearing testimony, Huang said that she had been subjected to a forced abortion in China and that she feared future persecution because she had violated the family-planning policy. Where, as here, an applicant professes one motivation for seeking asylum during her airport interview and later asserts an en-

tirely different and unrelated basis for relief, that inconsistency constitutes a specific, cogent reason for finding the applicant not credible. *See Kanacevic*, 448 F.3d at 137; *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 398 (2d Cir.2005) (finding that it is "entirely appropriate" for the agency to rely on discrepancies arising from an airport interview in making an adverse credibility determination where the applicant has essentially presented "two materially different asylum claims").

Moreover, Huang's failure to mention her alleged forced abortion during her airport interview was an undeniably substantial omission when measured against the record as a whole. *See Lutifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005). Because this omission went to the heart of Huang's claim that she suffered past persecution and feared future persecution under China's family-planning policy, it was, by itself, a sufficient basis for the IJ's adverse credibility determination. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453–54 (2d Cir.2006).

Huang argues that her "coercive experiences" in China made her "reluctant to reveal true information" to the asylum officer. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–81 (2d Cir.2004). However, nothing in the record suggests that the interview was "conducted under coercive or misleading circumstances," that Huang felt intimidated by her interviewer, or that she was reluctant to answer his questions. *See id.* at 179. Huang admitted that she lied when she said in her airport interview that her parents were involved in Falun Gong. She testified that she had done so at the urging of a snakehead who warned her that she would be returned to China

---

1. The denial of relief in "asylum-only" proceedings, is the "functional equivalent of a removal order," *Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006), and we therefore have jurisdiction over Huang's petition under 8 U.S.C. § 1252(a)(1).

immediately if she requested asylum based on China's family-planning policy. However, no reasonable factfinder would be compelled to accept this explanation for Huang's false statements or her failure to mention her alleged forced abortion during her airport interview. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005). Moreover, Huang has waived any claim that she has a well-founded fear of persecution in China based on the birth of her child in this country. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Because Huang failed to meet her burden of proof with respect to her asylum claim, she also necessarily failed to meet the higher burden required to prevail on her claims for withholding of removal and CAT relief, which were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). To the extent that Huang sought CAT relief based on her illegal departure from China, she has waived any such claim. *See Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).