**Mohamadou Baba KOITA, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0009–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2008.

---

Matthew J. Harris, Brooklyn, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; David V. Bernal, Assistant Director; Colette J. Winston, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, RALPH K. WINTER and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mohamadou Baba Koita, a native and citizen of Guinea, seeks review of a December 4, 2007 order of the BIA affirming the April 11, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamadou Baba Koita,* No. A95 407 177 (B.I.A. Dec. 4, 2007), *aff'g* No. A95 407 177 (Immig. Ct. N.Y. City Apr. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Koita has explicitly abandoned any challenge to the agency's decision insofar as it found that his asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Thus, we review only Koita's challenge to the agency's denial of his application for withholding of removal and CAT relief.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's

opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

We conclude that substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied in part on his omission from his asylum application and direct testimony of any mention of his alleged 1998 arrest. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 454 (2d Cir.2006). Although Koita offered an explanation for this omission, no reasonable fact-finder would have been compelled to accept it. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

In addition, the agency properly relied on the absence of certain evidence that may have corroborated essential elements of his claim. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Moreover, the agency reasonably found that Koita's testimony lacked sufficient detail, even after the government's attorney probed for incidental details. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

Aside from assertions that the agency reasonably found not credible, Koita failed to demonstrate more than a generalized risk of torture in Guinea, which alone cannot suffice to carry the burden of demonstrating that he is more likely than not to be tortured if removed to that country. *See Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).