SUMMARY ORDER

Petitioner Yun Gao, a native and citizen of the People’s Republic of China, seeks review of an October 30, 2008 order of the BIA affirming the November 13, 2007 decision of Immigration Judge (“IJ”) Noel A. Brennan denying Gao’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yun Gao, No. A095 688 094 (B.I.A. Oct. 30, 2008), cffg No. A095 688 094 (Immig. Ct. N.Y. City Nov. 13, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). The Court reviews de novo questions of law and the application of law to undisputed fact. See, e.g., Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
Substantial evidence supports the IJ’s determination that Gao was not credible. As the IJ properly found, while Gao testified that the police slapped her face and hit her back with a baton in October 2004, she omitted that assertion from her asylum application. This was a material omission, as it describes the only physical mistreatment that she had ever allegedly experienced at the hands of the Chinese government. See Cheng Tong Wang v. Gonzales, 449 F.3d 451, 453 (2d Cir.2006) (holding that an adverse credibility finding was properly based on an applicant’s failure to allege his wife’s forced sterilization where the basis for the applicant’s original asylum claim was his opposition to China’s family planning program). The IJ properly declined to credit Gao’s less-than-compelling explanation for her omission. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Additionally, the IJ properly found that Gao failed to submit corroborating evidence from her parents and from the schools that denied her admission. Gao’s failure to submit these documents rendered her unable to rehabilitate her doubtful testimony. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). Moreover, the IJ was not required to credit her explanations for this lack of corroboration. See Majidi, 430 F.3d at 80-81.
The significant omission identified by the IJ, coupled with Gao’s failure to submit corroborating evidence, provides substantial evidence for the IJ’s adverse credibility determination. See 8 U.S.C. § 1158(b)(l)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 163 (2d Cir.2008). Because Gao has not shown that a reasonable adjudicator would have been compelled to conclude contrary to the IJ’s findings, we *679 cannot conclude that the IJ’s adverse credibility determination was erroneous. See 8 U.S.C. § 1252(b)(4)(B). Moreover, because the only evidence of a threat to Gao’s life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief, where all of her claims were based on the same factual predicate. See Patd v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).