09-2891-ag
Chen v. Holder

BIA
Gordon-Uruakpa, IJ
A094 816 786

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of January, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JOSEPH M. McLAUGHLIN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

YUAN ZHI CHEN,
> *Petitioner,*

v.                      09-2891-ag
                           NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Ana T. Zablah-Monroe, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Yuan Zhi Chen, a native and citizen of the People's Republic of China, seeks review of a June 16, 2009 order of the BIA affirming the September 10, 2007 decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, which denied Chen's application for asylum as untimely, and rejected his withholding of removal and Convention Against Torture ("CAT") claims on the merits. *In re Yuan Zhi Chen* No. A094 816 786 (BIA June 16, 2009), *aff'g* No. A094 816 786 (Immig. Ct. N.Y. City Sept. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir. 2008).

As a preliminary matter, we do not have jurisdiction over petitioner's claim that the agency erred in pretermitting his asylum application as untimely. *See* 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review Constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), petitioner has raised no such claims. *See Saloum v. USCIS*, 437 F.3d 238 (2d Cir. 2006) (stating that a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006) (stating that a question of law is not implicated "when the petition for review essentially disputes the correctness of the IJ's fact-finding or the wisdom of his exercise of discretion"). We dismiss the petition for review to that extent.

With respect to petitioner's claim for withholding of removal, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Under the REAL ID Act, which applies to petitioner's application for relief, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes

that an asylum applicant is not credible." *Id.* Here, the IJ reasonably relied on petitioner's omission from his asylum application of any claim that he was detained and lost his job on account of his resistance to China's family planning policy. Although petitioner argues that he failed to include this information in his application because it was not legally relevant until after we issued our decision in *Shi Liang Lin v. U.S. Department of Justice*, 494 F.3d 296 (2d Cir. 2007), no reasonable fact finder would be compelled to credit that explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Indeed, the IJ reasonably surmised that petitioner had augmented his earlier claim in order to tailor it to fit the change in law. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir. 2006) (finding that the applicant's omission of his wife's forced sterilization was material to the applicant's claim irrespective of the fact that it occurred at a time when that sterilization would not have been, on its own, sufficient to establish asylum eligibility, because the basis for the applicant's original asylum claim was his opposition to China's family planning program). Accordingly, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C.

4

§§ 1158(b)(1)(B)(iii), 1252(b)(4)(B).

To the extent petitioner's withholding of removal and CAT claims were based on the same factual predicate, the agency's denial of CAT relief was proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Insofar as petitioner's CAT claim was based on his alleged illegal departure, it is well-settled that the agency does not err in finding that a petitioner is not "entitled to CAT protection based solely on the fact that he is part of the large class of persons who have illegally departed China." *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5